*E-Filed 11/29/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JACOB NAVARRO,                      No. C 10-2890 RS (PR)

       Petitioner,                   **ORDER OF DISMISSAL**

   v.

JOHN WAYNE HAVILAND,

       Respondent.
_____/

## INTRODUCTION

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition on grounds that the claims are unexhausted. For the reasons stated herein, respondent's motion is GRANTED, and the petition DISMISSED.

## DISCUSSION

As grounds for federal habeas relief, petitioner alleges in his federal petition that trial counsel rendered ineffective assistance by failing to (1) develop the issue of petitioner's intoxication at trial, (2) independently evaluate the charges against petitioner; and (3) investigate petitioner's mental condition. Petitioner also alleges that appellate counsel

United States District Court
For the Northern District of California

rendered ineffective assistance by failing to raise on appeal these issues regarding trial counsel's alleged trial errors. In his petition to the state supreme court, the only ineffective assistance issue petitioner presented was that trial counsel failed to request a jury instruction on a lesser included offense. (Mot. to Dismiss ("MTD"), Exs. 2 & 3 at 31.)

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process."). Even though non-exhaustion is an affirmative defense, the petitioner bears the burden of proof that state judicial remedies were properly exhausted. *Parker v. Kelchner*, 429 F.3d 58, 62 (3d Cir. 2005). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See Rose*, 455 U.S. at 510.

Respondent contends that the instant petition is unexhausted because petitioner never presented his claims to the California Supreme Court for decision. (MTD at 2.) Having reviewed the papers and documents submitted by the parties, this Court concludes that petitioner has not established that he fairly presented his claims to the California Supreme Court for decision. Specifically, petitioner did not present any of the claims raised in the instant petition in his petition to the state supreme court, but raised there an issue of ineffective assistance not raised here. Accordingly, respondent's motion to dismiss on grounds that the claim are not exhausted (Docket No. 6) is GRANTED. *See Rose*, 455 U.S. at 510. As the petition contains only unexhausted claims, petitioner's motion to stay the petition (Docket No. 7) is DENIED. *Id.* The petition is hereby DISMISSED. The Clerk

shall enter judgment in favor of respondent, terminate the pending motions, and close the file.  This order terminates Docket Nos. 6 & 7.

**IT IS SO ORDERED**.

DATED:  November 24, 2010

RICHARD SEEBORG
United States District Judge